## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITEDHEALTH GROUP,  )<br><br> )<br><br> )<br>            Plaintiff  )<br><br>v.                           )<br><br> )<br>ALLSUP, INC.,            )<br><br> )<br>            Defendant   )<br> ) | Civil Action No. _____<br><br><br><br><br><br><br><br>September 28, 2004 |

## COMPLAINT

Plaintiff, UnitedHealth Group ("UnitedHealth") by way of Complaint against Defendant, Allsup, Inc. ("Allsup"), alleges as follows:

### NATURE OF CASE

1. UnitedHealth sues Allsup to recover for services rendered and information provided under the doctrines of unjust enrichment, third party beneficiary, agency and fraudulent inducement/estopple.

### PARTIES

2. UnitedHealth is a Connecticut corporation with a principal place of business at 450 Columbus Boulevard, Hartford, CT 06115.

3. Upon information and belief, Allsup is an Illinois corporation with a principal place of business at 300 Allsup Place, Belleville, IL 62223.

NAIR & LEVIN, P.C.
ATTORNEYS AT LAW
707 BLOOMFIELD AVENUE • BLOOMFIELD, CT 06002 • TEL. (860) 242-7585 • FAX (860) 242-2980 • JURIS NO. 42122

## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as diversity of citizenship between the parties exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper in the District of Connecticut pursuant to 11 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district, and Plaintiff maintains a principal place of business within this district.

## FACTS

6. On or about August 1, 2002, Solutia, Inc. ("Solutia") and UnitedHealth entered into an Administrative Services Agreement (a copy of which is attached hereto as "Exhibit A") under which UnitedHealth provided claims administration and other services for certain employee welfare plans of the Debtor.

7. Thereafter, Solutia retained Allsup, Inc. to perform an examination/conversion and recovery services related to said plans.

8. In connection therewith, the Solutia and/or Allsup, Inc. requested UnitedHealth to provide various information to Allsup, Inc, and the parties entered into a Third Party Disclosure Agreement dated October 20, 2003 (a copy of which is attached thereto as "Exhibit B").

9. In connection therewith, UnitedHealth spent numerous hours researching the records of 173 members for the time period of January 1, 1993 through December 31, 2002 encompassing 10,321 claims.

10. On or about December 17, 2003, Solutia filed for bankruptcy under Chapter 11 of

Title 11 of the U.S. Code.

11.  Allsup continued to request said information from UnitedHealth after Solutia filed for bankruptcy.

12.  On or about March 11, 2004, UnitedHealth completed the requested work, and provided such information to Allsup, which Allsup accepted.

13.  On or about March 24, 2004, UnitedHealth sent an invoice to Solutia (a copy of which is attached hereto as "Exhibit C") regarding these services in the amount of $160,035.00, which has not been paid.

14.  Upon information and belief, the information provided by UnitedHealth is commercially valuable and benefited or shall benefit Allsup.

15.  UnitedHealth has filed a claim against Solutia's bankruptcy estate, but does not know at this time if or to what extent said claim will be paid.

## COUNT I  (UNJUST ENRICHMENT)

1.  Paragraphs 1 through 15 of the Complaint are hereby incorporated as Paragraphs 1 through 15 of this Count as if fully stated herein.

16.  Allsup has been unjustly enriched from the services and information provided by the Plaintiff.

17.  Plaintiff has suffered loss and damages.

## COUNT II (THIRD PARTY BENEFICIARY)

1.  Paragraphs 1 through 15 of the Complaint are hereby incorporated as Paragraphs 1 through 15 of this Count as if fully stated herein.

16. Allsup was the beneficiary of the contracts between Solutia and UnitedHealth.

17. Allsup knowingly accepted the benefits thereof .

18. As such, Allsup has ratified the contracts and should be liable to UnitedHealth to the same extent as Solutia would be (but for the filing for bankruptcy).

19. Despite demand, Allsup has failed to pay UnitedHealth for the services and information provided, and therefore should be in breach of contracts involved.

20. Plaintiff has suffered loss and damages.

## COUNT III (AGENCY)

1. Paragraphs 1 through 20 of Count II are hereby incorporated as Paragraphs 1 through 20 of this Count as if fully stated herein.

21. Upon information and belief, Solutia was and/or acted as Allsup's agent.

## COUNT IV (FRAUDULENT INDUCEMENT/ESTOPPLE)

1. Paragraphs 1 through 15 of the Complaint are hereby incorporated as Paragraphs 1 through 15 of this Count as if fully stated herein.

16. Upon information and belief, Allsup either knew or should have known that Solutia was going to file and did in fact file for bankruptcy, and that UnitedHealth would have difficulties getting paid or would not be paid by Solutia.

17. Upon information and belief, Allsup did not advise UnitedHealth that Solutia was going to file and did in fact file for bankruptcy, and that UnitedHealth would have difficulties getting paid or would not be paid by Solutia.

18. Upon information and belief, Allsup therefore fraudulently induced UnitedHealth to

perform the work and services requested, and to continue to perform the work and services requested after Solutia filed for bankruptcy.

19.  Therefore, Allsup should be estopped from denying that it has any obligations to UnitedHealth.

20.  Plaintiff has suffered loss and damages.

[Remainder of page intentionally left blank]

**WHEREFORE**, UnitedHealth respectfully requests a judgment against Allsup for:

a. $160,035.00;

b. or damages and/or restitution; and

c. interest;

d. reasonable attorney's fees;

e. costs; and

f. any other and further relief as is just and proper.

Dated at Bloomfield, Connecticut on September 28, 2004.

> PLAINTIFF
> UnitedHealth Group
>
> By _____
> Robert M. Levin, Esq.
> Its Counsel
> Nair & Levin, P.C.
> 707 Bloomfield Avenue
> Bloomfield, CT 06002
> Fed. Bar. No.  ct06287
> Telephone No. (860) 242-7585